Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 146 | DATE | 4/25/2002 |
| CASE TITLE | Andrew J. Murphy vs. Avon Products, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the defendant's motion to transfer venue to the Federal District of Arizona is granted. [Doc. #s 6, 12].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Andrew J. Murphy, | ) | | |
| | ) | | |
| Plaintiff, | ) | No. 02 C 146 | |
| | ) | | |
| v. | ) | HONORABLE DAVID H. COAR | |
| | ) | | |
| Avon Products, Inc., | ) | | |
| | ) | | |
| Defendant. | ) | | |

DOCKETED APR 3 0 2002

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff's, Andrew Murphy ("Murphy") motion to remand this case to the Circuit Court of Cook County, Illinois and defendant's, Avon Products, Inc. ("Avon") motion to transfer venue of the instant action to the Federal District of Arizona. For the following reasons, the defendant's motion is granted.

### Background

Murphy is a resident fo the state of Arizona. Avon is a New York corporation, with is principal place of business in New York, New York.[1] Plaintiff claims injuries allegedly caused when he purchased a moisturizing cream produced by Avon and applied it to his face. Some of the cream came in contact with one of the plaintiff's eyes, causing permanent injury and pain.

---

[1] In his complaint, plaintiff alleges that Avon's principal place of business is in Cook County, Illinois. In his "Answer" to Notice of Removal, plaintiff admits that Avon is a New York corporation with its principal place of business in New York, New York, but "states affirmatively that defendant Avon also has a place of business in Cook County, Illinois. For the purposes of this motion, this court finds that diversity has been established.

1

The plaintiff originally brought his claims at issue in this case in a complaint filed in the Circuit Court of Cook County, Illinois, bearing Case No. 01 L 014999. That case was removed to this court and transferred to the United States District Court for the District of Arizona where it was dismissed on September 12, 2001 for want of prosecution. While that action was pending, plaintiff stated (in answer to interrogatories) that he was seeking $331,876.00 in compensatory and punitive damages. Moreover, in that prior action, plaintiff admitted (in requests for admission) that he was seeking compensatory damages exceeding $75,000. Subsequently, Murphy refiled his claims against Avon in the Circuit Court of Cook County. The allegations and parties in the instant case are identical to these in the prior case.

In the instant action, defendant Avon again has moved to transfer venue to the District of Arizona. Plaintiff objects to removal (which this court deems to be a motion to remand) and to transfer of venue. Near the time that the prior case was dismissed in Arizona, plaintiff made a settlement demand for $45,000. Shortly thereafter, defendant countered with an offer of $12,500. Plaintiff denies that the amount in the in the instant action in controversy, is in excess of $75,000.

**Discussion**

I.  Motion to Remand

Plaintiff implies that the lower figure was derived after written discovery and two depositions in Arizona. Presumably it is plaintiff's position that, in light of that discovery, his prior interrogatory answers and responses to request to admit have no further utility. In plaintiff's motion to remand, he further states affirmatively that he will not seek damages greater than $75,000 if this case is remanded to the Circuit Court of Cook County.

2

At the time of remand, the defendant knew that plaintiff had responded to discovery in the prior action indicating that he was seeking between $75,000 and $331,876 on account of his claims. Defendant knew that the claims being asserted in the instant case were the same as those asserted in the prior case. Defendant also knew about the $45,000 settlement demand and the $12,500 offer.

The party seeking to invoke federal diversity jurisdiction bears the burden of establishing that the requirements of that jurisdiction are met. NLF, Inc. v. Devcom Mid-America, Inc., 46 F.3d 231, 237 (7th Cir. 1995); Jones v Gen'l Tire & Rubber Co., 544 F.2d 660, 664 (7th Cir. 1997). In Chase v. Shop n' Save, 110 F.3d 424 (7th Cir. 1997), the Court decided the requirements thusly:

> A defendant meets this burden by supporting her allegations of jurisdiction with competent proof, which in our circuit requires the defendant to offer evidence which proves to a reasonable probability that jurisdiction exists.

Id. at 426 (internal citation omitted). As noted in Chase, the logical starting point in determining the amount in controversy is what the plaintiff alleged in the complaint. That is a problem in Illinois, where plaintiffs are prohibited from pleading an *ad damnum* in excess of the minimum necessary to satisfy the jurisdictional requirements of the department of the state court in which the action is brought. To address that problem, the Seventh Circuit has held that the district courts in Illinois may look outside the pleadings to other evidence of jurisdictional amount. Chase, 110 F.3d at 427. But in examining this "other" evidence the district court may only consider evidence that was available at the moment the petition for removal was filed. See In re Shell Oil Co., 970 F.3d 355, 356 (7th Cir. 1992)(per curiam).

What should the court make of the $45,000 settlement demand? In Chase, the Seventh

Circuit noted that it had not decided the issue of whether a defendant's settlement offer is relevant in evaluating whether the amounts in controversy requirement is met. Because it was unnecessary for the Court to resolve that issue in <u>Chase</u>, the issue was left unresolved in that case and remains so through the present.

LR81.2 of the Local General Rules of the United States District Court for the Northern District of Illinois ("Local Rules") provides:

> Where one or more defendants seek to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express *ad damnum*, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy, exclusive of interest and costs, specified in 28 U.S.C §§ 1332 (the "jurisdictional amount") that is based on express allegations in that claim in conformity with that *ad damnum*, the notice of removal shall include in addition to any other matters required by law:
>
> (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and
> (2) with respect to at least one plaintiff in the Illinois action, either——
>
> (A) a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or
>
> (B) an admission by such plaintiff in response to a request for admissions (*see* Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (*see* Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.
>
> Receipt by the removing defendant or defendants of the response by a plaintiff referred to in subparagraph (2)(A) or of the admission by a plaintiff referred to in paragraph (2)(B), or the occurrence of the event giving rise to a deemed admission by a plaintiff referred to in subparagraph (2)(B) shall constitute the receipt of a ""'paper from which it may first be ascertained that the case is one which is or has become removable'"" within the meaning of 28 U.S.C. §§1446(b). Where the defendant or defendants do not include the statement required by paragraph (1) of

4

this rule, or do not comply with one of the alternatives described in paragraph (2) of this rule, the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction.

In Huntsman n v. Whitehouse, 1997 WL 548043, this court, relying on Chase, concluded that Local Rule 3 (now Local Rule 81.2) was not the exclusive way in which the jurisdiction amount could be established in a case removed from an Illinois court.

If the only question in this case was whether when a second action is commenced by a complaint that is identical to the complaint in prior action, a defendant may rely on the plaintiff's answer to an interrogatory in the prior action to establish the jurisdictional amount, the answer should be yes. Here, the removing defendant relies on both an answer to an interrogatory and an admission from the prior case. But the factual vista here is more granular. After the admission (and before filing the second action), plaintiff made a settlement demand for substantially less than $75,000 and told the defendant that if the plaintiff refiled in state court, he did not believe that the case could be removed because the matter in controversy was less than $75,000. Plaintiff suggests that under these circumstances it would be unreasonable for Avon and this court to rely on the admissions from the prior case. If LR 81.2 was the exclusive way of establishing the amount, the motion to remand would be granted for Avon did not follow the procedure outlined therein (propounding an interrogatory or request that would have established the amount in controversy in this case). But this court has held in Huntsman that LR 81.2 is not exclusive. Therefore, the question is whether Avon has established that it is reasonably probable that the amount in controversy exceeds $75,000.

The term "reasonable probability" has not been precisely defined by the Seventh Circuit in this context. The origin of the term, however, provides some guidance as to how it should be

5

applied. As far as this court has been able to determine, this Circuit's use of the term "reasonable probability" in connection with jurisdiction had its source in a footnote in Shaw v. Dow Brands, Inc., 994 F.2d 364 (7th Cir. 1993). At the time that Shaw was decided, district courts within the Seventh Circuit had been applying different standards in determining whether a removing defendant had established a sufficient basis for jurisdiction. Some district courts applied a reasonable probability standard while others imposed a more exacting requirement. In resolving the issue, the Seventh Circuit stated: "[W]e think the Supreme Court dictated the proper standard [for establishing facts sufficient to invoke jurisdiction in a removal action] in McNutt v. General Motors Acceptance Corp., 298 U.S. 178:

> If his allegations of jurisdictional facts are challenged by his adversary in an appropriate manner, he must support them by competent proof. and where they are not so challenged, the court may still insist that that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. We hold that the test set forth in McNutt is satisfied if a defendant in a removal action can show a *reasonable probability* that more than $50,000 is in controversy.

Shaw, 994 F.2d 364, fn 2. Applying the gloss from McNutt to the jurisdictional amount question, "reasonable probability" means simply that the removing defendant must establish that it is more likely true than not true that the amount in controversy will exceed $75,000. This interpretation is derived by inserting the standard for establishing a fact by preponderance of the evidence. Here the defendant has established that the complaint in the present action claims injuries including permanent damage to plaintiff's eye and that in the prior action, with identical allegations, plaintiff admitted that he was seeking between $75,000 and $331,876 in compensatory and punitive damages.

6

Although the plaintiff made a settlement demand for an amount substantially less than $75,000, in the absence of some better explanation of why the settlement demand should fix the amount rather than the plaintiff's prior admissions, the court will rely on the admissions. In general, settlement demands and offers represent a party's evaluation of the outcome of a case discounted by factors including risk and delay. The phrase "amount in controversy" suggests the largest amount that the plaintiff may gain or the largest amount that the defendant may lose in litigation. Settlement offers/demands are not inherently more predictive than *ad damnum* clauses in ascertaining what the real risk of gain/loss is in a given case. At an early stage, the settlement offers/demands are as likely to be influenced by negotiating stategy as by an honest belief as to the possible outcome.

Suppose a plaintiff states: "I will take $50,000 to settle before the case goes to trial, but if the case goes to trial, I will ask for $2,000,000." In that example, if the demand set the "amount in controversy", the plaintiff would defeat removal, even though she might recover a multiple of the jurisdictional amount at trial. For that reason, this court is unwilling to place very much weight on a settlement demand/offer, without more. Putting aside the matter of litigation costs, it may be argued that where a plaintiff makes a settlement demand, the amount of that demand should establish the minimum "amount in controversy" because (as a matter of strategy) if the plaintiff demands an amount that is too low, the defendant (assuming both sides have the same information) will recognize the inadequacy of the demand and quickly accept it. It does not follow, however, that a plaintiff's demand should establish the maximum (dollar amount) in controversy because the plaintiff almost always maintains the ability to ask for more if the case goes to trial. This court doubts whether settlement demands/offers should ever be used for

7

purposes of evaluating the amount in controversy, but on the record before this court, there can be no confidence that the demand approximates risk of loss or likelihood of gain.

Therefore, this court concludes that on the facts presented, the defendant Avon has met its burden of reasonable probability that the jurisdictional amount has been established. Accordingly, plaintiff's motion to remand is denied.

II. Motion to Transfer Venue

Plaintiff opposes a change of venue because he would prefer to litigate in Illinois and Avon does business in this state. The facts support transferring this case to the District of Arizona. The plaintiff lives in Arizona. He purchased the cream which caused him injury in Arizona. He suffered the injury in Arizona. He received his medical treatment in Arizona. While it is unclear whether all fo the witnesses are located in Arizona, but many of the witnesses are there. m Other than the fact that the plaintiff's attorney is in Illinois, there appears to be no reason why this case should not be transferred. The motion for change of venue is granted. The clerk is directed to transfer this case to the District of Arizona.

## Conclusion

For the foregoing reasons, the defendant's motion to transfer venue to the Federal District of Arizona is granted.

Enter:

*David H. Coar*

David H. Coar

United States District Judge

Dated: April 25, 2002